UNITED STATES DISTRICT COURT

CENTRAL DISTRICT OF CALIFORNIA – EASTERN DIVISION

| | |
|---|---|
| BRADLEY J. SULLIVAN,<br><br>           Plaintiff,<br>  v.<br><br>NANCY A. BERRYHILL,[1]<br>Acting Commissioner of Social Security,<br><br>           Defendant. | Case No. EDCV 16-1716 AS<br><br>**MEMORANDUM OPINION AND**<br><br>**ORDER OF REMAND** |

Pursuant to Sentence 4 of 42 U.S.C. § 405(g), IT IS HEREBY ORDERED that this matter is remanded for further administrative action consistent with this Opinion.

**PROCEEDINGS**

On August 8, 2016, Bradley J. Sullivan ("Plaintiff") filed a Complaint pursuant to 42 U.S.C. §§ 405(g) and 1383(c)(3) seeking

---

[1] Nancy A. Berryhill is now the Acting Commissioner of Social Security and is substituted for Acting Commissioner Carolyn W. Colvin as the defendant in this suit. See 42 U.S.C. § 205(g).

1

review of the Commissioner's denial of Plaintiff's application for Disability Insurance Benefits. (Docket Entry No. 1). On January 24, 2017, Defendant filed an Answer to the Complaint and the Certified Administrative Record ("AR"). (Docket Entry Nos. 21-22). The parties have consented to proceed before a United States Magistrate Judge. (Docket Entry Nos. 14, 16). On April 17, 2017, the parties filed a Joint Stipulation ("Joint Stip."), setting forth their respective positions on Plaintiff's claim. (Docket Entry No. 23).

**BACKGROUND AND SUMMARY OF ADMINISTRATIVE DECISION**

On December 12, 2012, Plaintiff, formerly employed as a chiropractor, (see AR 34-35), filed an application for Disability Insurance Benefits, alleging disability beginning on June 1, 2008. (AR 162-63). On February 3, 2015, the Administrative Law Judge ("ALJ"), Mark B. Greenberg, heard testimony from Plaintiff, medical expert John Morse, and vocational expert Luis Mas. (AR 25-55). On March 24, 2015, the ALJ denied Plaintiff's application in a written decision. (See AR 9-20).

The ALJ applied the five-step process in evaluating Plaintiff's case. At step one, the ALJ determined that Plaintiff had not engaged in substantial gainful activity between the alleged onset date of June 1, 2008, and the date last insured of March 31, 2014. (AR 11). At step two, the ALJ found that, through the date last insured, Plaintiff had the following severe impairments: diabetes mellitus, hepatitis, kidney disease, degenerative disc

disease/degenerative joint disease, obstructive sleep apnea, neuropathy, obesity, depression, and anxiety. (AR 11-12). At step three, the ALJ determined that Plaintiff's impairments or combination of impairments did not meet or equal a Listing found in 20 C.F.R. Part 404, Subpart P, Appendix 1. (AR 12-13).

Before proceeding to step four, the ALJ found that Plaintiff had the residual functional capacity ("RFC")[2] to do light work[3], with the following exceptions: he can frequently climb ramps and stairs; occasionally climb ladders, ropes, or scaffolds; perform all other postural activities on a frequent basis; and is limited to semi-skilled work[4], with no ability for fast-paced work. (AR 13-18).

At step four, the ALJ determined that Plaintiff was not able to perform his past relevant work as a chiropractor. (AR 18). At step five, the ALJ found that, considering Plaintiff's age, education,

---

[2] A Residual Functional Capacity is what a claimant can still do despite existing exertional and nonexertional limitations. See 20 C.F.R. § 404.1545(a)(1).

[3] "Light work involves lifting no more than 20 pounds at a time with frequent lifting or carrying of objects weighing up to 10 pounds." 20 C.F.R. § 404.1567(b).

[4] "Semi-skilled work is work which needs some skills but does not require doing the more complex work duties. Semi-skilled jobs may require alertness and close attention to watching machine processes; or inspecting, testing or otherwise looking for irregularities; or tending or guarding equipment, property, materials, or persons against loss, damage or injury; or other types of activities which are similarly less complex than skilled work, but more complex than unskilled work. A job may be classified as semi-skilled where coordination and dexterity are necessary, as when hands or feet must be moved quickly to do repetitive tasks." 20 C.F.R. § 404.1568.

work experience, and RFC, there were jobs existing in significant numbers in the national economy that Plaintiff could perform, including management aide in social services (DOT 195.367-014), general office clerk (DOT 219.362-010), and office assistant (DOT 235.462-010). (AR 19-20). Consequently, the ALJ concluded that Plaintiff was not disabled within the meaning of the Social Security Act. (AR 20).

Plaintiff requested that the Appeals Council review the ALJ's Decision, which was denied on July 11, 2016. (AR 1-5). The ALJ's Decision then became the final decision of the Commissioner, allowing this Court to review the decision. See 42 U.S.C. §§ 405(g), 1383(c).

**STANDARD OF REVIEW**

The Court reviews the ALJ's decision to determine if it is free of legal error and supported by substantial evidence. See Brewes v. Comm'r of Soc. Sec. Admin., 682 F.3d 1157, 1161 (9th Cir. 2012). "Substantial evidence" is more than a mere scintilla, but less than a preponderance. Garrison v. Colvin, 759 F.3d 995, 1009 (9th Cir. 2014). To determine whether substantial evidence supports a finding, "a court must consider the record as a whole, weighing both evidence that supports and evidence that detracts from the [Commissioner's] conclusion." Aukland v. Massanari, 257 F.3d 1033, 1035 (9th Cir. 2001). As a result, "[i]f the evidence can reasonably support either affirming or reversing the ALJ's conclusion, [a court] may not substitute [its] judgment for that of

4

the ALJ." Robbins v. Soc. Sec. Admin., 466 F.3d 880, 882 (9th Cir. 2006).

**PLAINTIFF'S CONTENTION**

Plaintiff contends that the ALJ failed to properly consider the opinion of psychiatric consultative examiner, Dr. Tanya Scurry, regarding the limitations caused by Plaintiff's mental impairments. (See Joint Stip. at 3-5, 12).

**DISCUSSION**

After reviewing the record, the Court finds that the ALJ did not give clear and convincing reasons for rejecting Dr. Scurry's opinion. The Court therefore remands for further consideration.

**A.** **The ALJ Failed To Provide Clear And Convincing Reasons For Rejecting The Opinion Of Dr. Scurry**

Plaintiff contends that the ALJ failed to provide specific and legitimate reasons for rejecting consultative examiner Dr. Scurry's opinion, because "the ALJ failed to identify any evidence whatsoever that would cast doubt on Dr. Scurry's findings, nor did he identify any other records that would support less-than-moderate limitations in the work-related abilities in question." (Joint Stip. at 3-5).

Defendant asserts that the ALJ properly gave "not great weight"[5] to Dr. Scurry's opinion for the following reasons: (1) Dr. Scurry did not review any of Plaintiff's medical records; (2) her opinion was not supported by those records; and (3) her opinion was inconsistent with Plaintiff's own statements about his condition. (Joint Stip. at 5-12).

On May 4, 2013, Plaintiff underwent a Comprehensive Psychiatric Evaluation by Tanya Scurry, MD. (See AR 409-16). Plaintiff's chief complaints were poor concentration, anxiety, depression, and severe fatigue. (AR 409). Dr. Scurry noted that Plaintiff's mood was "depressed and rated at 4 to 6 out of 10." (AR 412). Dr. Scurry diagnosed Plaintiff with mood disorder, secondary to a general medical condition, and anxiety disorder, secondary to a general medical condition. (AR 414). Dr. Scurry stated that she believed "it would be difficult for [Plaintiff] to sustain gainful employment at this time" based on his psychiatric presentation. (AR 415). Based on the examination, Dr. Scurry opined that Plaintiff was moderately limited in his ability to do detailed and complex instructions; relate and interact with supervisors, coworkers, and the public; maintain concentration, attention, persistence, and pace; associate with day-to-day work activity, including attendance and safety; accept instructions from supervisors; and maintain regular attendance in the work place and perform work activities on

---

[5] Although Defendant asserts the ALJ gave Dr. Scurry's opinion some weight, the limitations that Dr. Scurry opined do not align with Plaintiff's RFC. Accordingly, the ALJ gave Dr. Scurry's opinion no weight. (Compare AR 415-16 with AR 13).

6

a consistent basis.  (AR 415-16).  Dr. Scurry opined that Plaintiff was not limited in his ability to understand, remember, and carry out simple one or two-step job instructions or perform work activities without special or additional supervision.  (AR 415-16).

"[T]he Commissioner must provide clear and convincing reasons for rejecting the uncontradicted opinion of an examining physician. . . . [T]he opinion of an examining doctor, even if contradicted by another doctor, can only be rejected for specific and legitimate reasons that are supported by substantial evidence in the record." Lester v. Chater, 81 F.3d 821, 830-31 (9th Cir. 1995) (citations and internal quotation marks omitted).  Because Dr. Scurry's opinion was uncontradicted, the ALJ was required to give clear and convincing reasons for rejecting her opinion.  Id.  The clear and convincing standard is the most demanding standard required in Social Security cases.  See Moore v. Comm'r of Soc. Sec. Admin., 278 F.3d 920, 924 (9th Cir. 2002).

The ALJ set forth the following two reasons for rejecting Dr. Scurry's opinion: (1) "[t]here was no treatment records during the adjudication period that supported such restrictive functional limitations" regarding Plaintiff's mental health limitations; and (2) "the claimant made no allegations regarding limitations in social functioning or an inability to perform work related activities because of his mental health issues for any other reason other than his inability to concentrate."  (AR 18).

As set forth below, the ALJ's boilerplate statement that Dr. Scurry's opinion was not supported by the medical record and his finding that Plaintiff himself did not mention social limitations in connection with his disability claim did not constitute clear and convincing reasons for rejecting the opinion.

The ALJ erred in rejecting Dr. Scurry's opinion because he needed to provide further explanation to substantiate his finding that no treatment records supported that opinion. "[A]n ALJ errs when he rejects a medical opinion or assigns it little weight while doing nothing more than ignoring it, asserting without explanation that another medical opinion is more persuasive, or criticizing it with boilerplate language that fails to offer a substantive basis for his conclusion." Garrison v. Colvin, 759 F.3d 995, 1012-13 (9th Cir. 2014). Here, the ALJ has pointed to no evidence from the record to substantiate his finding that no treatment records supported the moderate mental functional limitations opined by Dr. Scurry. Merely stating that a medical opinion is not supported by objective findings is not a sufficient reason to disregard that opinion. Rodriguez v. Bowen, 876 F.2d 759, 763 (9th Cir. 1989).

Dr. Scurry conducted a Comprehensive Psychiatric Evaluation that included clinical evidence that supported her opinion regarding Plaintiff's limitations. (See AR 409-16). "Disability may be proved by medically-acceptable clinical diagnoses, as well as by objective laboratory findings." Day v. Weinberger, 522 F.2d 1154, 1156 (9th Cir. 1975); see 42 U.S.C. § 423(d)(3). Dr. Scurry's evaluation included the diagnoses of mood disorder and anxiety

disorder, both secondary to a general medical condition. (AR 414). These diagnoses were made after clinical tests were administered pertaining to, in part, mood and affect, intellectual functioning, and concentration and calculations. (See AR 409-16). Moreover, Dr. Scurry's opinion aligns with the opinions of State agency doctors Stephen Fair, Ph.D., and Peter Bradley, Ph.D. (See AR 60-67, 75-83). Both Dr. Fair and Dr. Bradley found that Plaintiff has moderate limitations in sustained concentration and persistence, social interaction, and adaptation. (See AR 60-67, 75-83); see also Lester, 81 F.3d at 832 (a similarity of conclusions between doctors provides reason to credit the opinions as opposed to reject). Accordingly, the ALJ's finding that treatment records did not support Dr. Scurry's opinion is not a clear and convincing reason to reject his opinion.[6]

The remaining reason the ALJ gave in his decision — that Plaintiff did not mention limitations "in social functioning or an inability to perform work related activities because of his mental health issues . . . " — is not a clear and convincing reason to reject Dr. Scurry's opinion. (AR 18). A claimant's failure to mention a health condition does not permit the ALJ to infer that the condition does not exist. Widmark v. Barnhart, 454 F.3d 1063, 1068 (9th Cir. 2006) (remanding ALJ's decision for rejecting physician's

---

[6] The Court will not consider reasons for rejecting a physician's opinion that the ALJ did not provide in his Decision. (See Joint Stip. at 7-8); see also Connett v. Barnhart, 340 F.3d 871, 874 (9th Cir. 2003)("We are constrained to review the reasons the ALJ asserts."; citing SEC v. Chenery Corp., 332 U.S. 194, 196 (1947) and Pinto v. Massanari, 249 F.3d 840, 847-48 (9th Cir. 2001)).

opinion who assessed functional limitations that claimant did not mention in his benefits application or at the hearing); see also Attia v. Astrue, No. 1:06CV00778 SMS, 2007 WL 2802006, at *26 (E.D. Cal. Sept. 24, 2007) (plaintiff's failure to communicate a mental health condition and related limitations to doctors treating him for physical ailments was not a proper reason to reject a physician's opinion).  Here, while Plaintiff did not explicitly state that he has social functioning limitations in his Application or at the hearing, he did assert mental health concerns. (See AR 36, 232-37). Accordingly, Plaintiff's failure to assert that he has social functioning limitations was not a clear and convincing reason for rejecting Dr. Scurry's opinion.

**B. Remand Is Warranted**

The decision whether to remand for further proceedings or order an immediate award of benefits is within the district court's discretion.  Harman v. Apfel, 211 F.3d 1172, 1175-78 (9th Cir. 2000).  Where no useful purpose would be served by remand, or where the record is fully developed, it is appropriate to direct an immediate award of benefits.  Id. at 1179 ("[T]he decision of whether to remand for further proceedings turns upon the likely utility of such proceedings.").  However, where the circumstances of the case suggest that further administrative review could remedy the Commissioner's errors, remand is appropriate.  McLeod v. Astrue, 640 F.3d 881, 888 (9th Cir. 2011); Harman, 211 F.3d at 1179-81.

Here, because the ALJ failed to properly reject the opinion of Dr. Scurry, remand is appropriate. Had the ALJ given Dr. Scurry's opinion more weight, Plaintiff's RFC may have been altered, which would have impacted the ALJ's ultimate conclusions regarding disability. Because outstanding issues must be resolved before a determination of disability can be made, and "when the record as a whole creates serious doubt as to whether the [Plaintiff] is, in fact, disabled within the meaning of the Social Security Act," further administrative proceedings would serve a useful purpose and remedy defects. Burrell v. Colvin, 775 F.3d 1133, 1141 (9th Cir. 2014) (citations omitted).

**ORDER**

For the foregoing reasons, the decision of the Administrative Law Judge is VACATED, and the matter is REMANDED, without benefits, for further proceedings pursuant to Sentence 4 of 42 U.S.C. § 405(g).

LET JUDGMENT BE ENTERED ACCORDINGLY.

Dated: June 23, 2017

_____/s/_____
ALKA SAGAR
UNITED STATES MAGISTRATE JUDGE